BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
SAMUEL J. DIAZ (Cal. Bar No. 304503)
Assistant United States Attorney
Transnational Organized Crime Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3045
     Facsimile: (213) 894-6269
     E-mail:    samuel.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

7/15/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR  2:25-CR-00595-MCS |
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| GILBERT ARENAS, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐  1.    Temporary 10-day Detention Requested (§ 3142(d)) on the
          following grounds:

    ☐  a.    present offense committed while defendant was on release
             pending (felony trial),

    ☐  b.    defendant is an alien not lawfully admitted for
             permanent residence; and

1    ☐    c.    defendant may flee; or

2    ☐    d.    pose a danger to another or the community.

3    ☒    2.    Pretrial Detention Requested (§ 3142(e)) because no

4          condition or combination of conditions will reasonably

5          assure:

6    ☒    a.    the appearance of the defendant as required;

7    ☐    b.    safety of any other person and the community.

8    ☐    3.    Detention Requested Pending Supervised Release/Probation

9          Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

10         § 3143(a)):

11   ☐    a.    defendant cannot establish by clear and convincing

12         evidence that he/she will not pose a danger to any

13         other person or to the community;

14   ☐    b.    defendant cannot establish by clear and convincing

15         evidence that he/she will not flee.

16   ☐    4.    Presumptions Applicable to Pretrial Detention (18 U.S.C.

17         § 3142(e)):

18   ☐    a.    Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

19         (46 U.S.C. App. 1901 et seq.) offense with 10-year or

20         greater maximum penalty (presumption of danger to

21         community and flight risk);

22   ☐    b.    offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

23         2332b(g)(5)(B) with 10-year or greater maximum penalty

24         (presumption of danger to community and flight risk);

25   ☐    c.    offense involving a minor victim under 18 U.S.C.

26         §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

27         2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

28

2260, 2421, 2422, 2423 or 2425 (presumption of danger
to community and flight risk);

    ☐    d.    defendant currently charged with an offense described
in paragraph 5a – 5e below, AND defendant was
previously convicted of an offense described in
paragraph 5a – 5e below (whether Federal or
State/local), AND that previous offense was committed
while defendant was on release pending trial, AND the
current offense was committed within five years of
conviction or release from prison on the above-
described previous conviction (presumption of danger to
community).

☒    5.    Government Is Entitled to Detention Hearing Under § 3142(f)
If the Case Involves:

    ☐    a.    a crime of violence (as defined in 18 U.S.C.
§ 3156(a)(4)), a violation of 18 U.S.C. § 1591, or
Federal crime of terrorism (as defined in 18 U.S.C.
§ 2332b(g)(5)(B)) for which maximum sentence is 10
years' imprisonment or more;

    ☐    b.    an offense for which maximum sentence is life
imprisonment or death;

    ☐    c.    Title 21 or MDLEA offense for which maximum sentence is
10 years' imprisonment or more;

    ☐    d.    any felony if defendant has two or more convictions for
a crime set forth in a–c above or for an offense under
state or local law that would qualify under a, b, or c

1          if federal jurisdiction were present, or a combination

2          or such offenses;

3     ☐    e.   any felony not otherwise a crime of violence that

4               involves a minor victim or the possession or use of a

5               firearm or destructive device (as defined in 18 U.S.C.

6               § 921), or any other dangerous weapon, or involves a

7               failure to register under 18 U.S.C. § 2250;

8     ☒    f.   serious risk defendant will flee;

9     ☐    g.   serious risk defendant will (obstruct or attempt to

10              obstruct justice) or (threaten, injure, or intimidate

11              prospective witness or juror, or attempt to do so).

12  ☐  6.   Government requests continuance of _____ days for detention

13          hearing under § 3142(f) and based upon the following

14          reason(s):

15

16          _____

17          _____

18          _____

19  //      _____

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

☐  7.   Good cause for continuance in excess of three days exists in
        that:

_____

_____

_____

_____

Dated: July 15, 2025              Respectfully submitted,

                                  BILAL A. ESSAYLI
                                  United States Attorney

                                  CHRISTINA T. SHAY
                                  Assistant United States Attorney
                                  Chief, Criminal Division

                                  SAMUEL J. DIAZ
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

5