**HOLMES, ATHEY,**
**COWAN & MERMELSTEIN LLP**
Andrew S. Cowan (SBN: 165435)
acowan@holmesathey.com
811 Wilshire Boulevard, Suite 1460
Los Angeles, California 90017
Tel: (213) 516-8055
Fax: (213) 973-6282
*Attorneys for Defendant Allan Austria*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ALLAN AUSTRIA,<br><br>  Defendant. | Case No. 25-CR-595-MCS<br><br>**OPPOSITION OF DEFENDANT ALLAN AUSTRIA TO GOVERNMENT'S *EX PARTE* APPLICATION FOR STAY OF MAGISTRATE JUDGE'S RELEASE ORDER [ECF 32]; REQUEST FOR RECONSIDERATION**<br><br>Judge: Hon. Mark C. Scarsi<br>Courtroom: 7C |

On July 30, 2025 defendant Allan Austria was arraigned in this matter before the honorable Jacqueline Choolijian, United States Magistrate Judge. The government sought Mr. Austria's detention, notwithstanding the recommendation of the Pretrial Services Officer that he be released on a $10,000 bond with affidavit of surety. After hearing extensive argument from the government, Magistrate Judge Choolijian concurred with Pretrial's recommendation and ordered Mr. Austria released on a $10,000 bond with an affidavit of surety signed by his life partner, Gina Porras. That affidavit of surety was filed with the Court today, July 30, 2025 [ECF 33].

This morning, counsel for Mr. Austria learned that overnight the government had filed an *ex parte* application to stay Magistrate Judge Choolijian's order of release. Defense counsel was not properly served with the *ex parte* because his counsel's name was not yet entered in ECF, and the government failed to serve counsel separately. At 9:00 AM, defense counsel emailed the courtroom deputy, Stephen Kerr, and advised him of the lack of service, that that the defense intended to oppose the *ex parte*, and requested that the Court not rule on the *ex parte* until the defense opposition had been filed. Defense counsel sent a follow-up email to Mr. Kerr at 10:05 AM asking if he had received the first email, and again requesting that the Court not rule on the *ex parte* until the defense opposition was filed. At 10:09 AM defense counsel further requested that any hearing on this matter be held prior to the weekend, so that Mr. Austria need not spend the weekend in custody.

Notwithstanding these multiple efforts, at 10:33 AM this morning defense counsel received an email from CRD Kerr stating that the Court had issued an order staying the order of release. At 10:36 AM defense counsel received an email from CRD Kerr stating that he had only just then seen the email that defense counsel sent earlier at 9:00 AM.

Based on the above record, the defense seeks reconsideration of the Court's order staying the release order issued by Magistrate Judge Choolijian. The Order was

issued based on an *ex parte* application that the government never served on the defense, and was issued without giving the defense any opportunity to respond—even though the defense was diligent in seeking an opportunity to respond.

This is contrary to the Court's stated procedures for handling *ex parte* applications, as set forth on the Court's webpage. Those procedures provide in relevant part as follows (emphasis added):

> **Both the e-mail to the Court and the application should advise whether opposing counsel will be filing an opposition.** Ex parte applications that fail to conform to Local Rule 7-19, including a statement of opposing counsel's position, will not be considered, except on a specific showing of good cause.
>
> **Counsel for the applicant must provide advance notice of the application by telephone and email to all other parties**. In addition to the information required by Local Rule 7-19.1, the notice must advise the other parties of the anticipated deadline to oppose the application. **The applicant must serve the application by facsimile, email, or personal service, even if electronic service is effected under Local Rule 5-3.2.1.**
>
> Oppositions to ex parte applications must be filed within 24 hours of the filing of the application, subject to Rule 6(a)(2). If an opposing party does not intend to oppose the ex parte application, counsel must inform the Courtroom Deputy Clerk by telephone or email as soon as possible.

The government failed to comply with the Court's procedures by (1) failing to advise the Court the defense would be filing an opposition; and (2) failing to serve the application by facsimile, email or personal service.  The government made no reasonable effort, prior to filing its *ex parte* request, to ascertain whether the defense would be filing an opposition.  The Court, under its own procedures, should not have considered the *ex parte* application.

Based on the foregoing, the defense specifically requests the following relief:

1. That the Court advance the hearing date **to Friday, August 1, 2025 at 10:00 AM** so that the matter can be heard expeditiously, and Mr. Austria released, prior to the weekend.

2. In the alternative, that the Court rescind its Order and allow Mr. Austria to be released today at 2:00 PM, and ordered to return to Court for hearing presently scheduled for Monday, August 4, 2025.

Rescinding the Order is appropriate because the government, in its *ex parte* application, proffered absolutely no evidence to support its conclusory contention that Mr. Austria's release "would endanger the community and permit defendant to flee." *See* ECF 32 at ¶ 7. The Court should require a more substantial showing than this to stay the order of the Magistrate Judge—which she issued after hearing extensive argument from the government regarding the issues of flight risk and danger to the community.

DATED: 7/31/2025        RESPECTFULLY SUBMITTED,

HOLMES, ATHEY, COWAN & MERMELSTEIN LLP

By:   */s/ Andrew S. Cowan*
Attorneys for Defendant Allan Austria