BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
SAMUEL J. DIAZ (Cal. Bar No. 304503)
Assistant United States Attorney
Transnational Organized Crime Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3045
     Facsimile: (213) 894-6269
     E-mail:    samuel.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-595-MCS-3 |
|---|---|
| Plaintiff, | OPPOSITION TO DEFENDANT AUSTRIA'S MOTION FOR RECONSIDERATION |
| v. | |
| ALLAN AUSTRIA, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Samuel J. Diaz, hereby files its opposition to defendant Allan Austria's motion for reconsideration of the Court's order granting the government's ex parte application for a stay of the magistrate judge's release order.

As a threshold matter, defendant's opposition to the ex parte application is moot because the Court has already granted the government's ex parte application. (See Dkt. 34.) Defendant seeks reconsideration of that order and complains that the government failed to follow the required procedures prior to filing its ex parte

application. Defendant's complaint rings hollow. First, the government explained in its ex parte application that in light of the looming 2 p.m. release time for defendant Austria, the government was filing the ex parte application without receiving a response from defense counsel. Second, defense counsel is wrong in asserting that the government made no reasonable effort to ascertain defendant's position as to the ex parte application. Government counsel emailed defense counsel (at acowan@holmesathey.com) at 10:47 p.m. on July 30, 2025, stating:

> "Counsel,
> I will be filing an ex parte application for a stay of the magistrate judge's release order. Please provide your position. If I don't hear from you prior to midnight, I will inform the Court that I did not receive a response. Given the short turnaround required of the Court, I will file tonight rather than wait for the morning."

Under these circumstances, including the looming 2 p.m. release time for defendant, the late time of day that defendant was granted bond, and the need to bring this matter to the Court's attention promptly, the government provided defense counsel with a reasonable opportunity to state its position.

Nor can defense counsel complain about a lack of notice that the government would be seeking review of the magistrate judge's bond determination and a stay of the magistrate judge's release order. The government made its intent to seek review and a further stay to enable that review plain on the record, and in fact obtained a stay of the release order from the magistrate judge to permit the

government to obtain review before this Court prior to defendant's release.

Lastly, defendant has presented no material facts that the Court failed to consider prior to granting the government ex parte application.  The Court was aware that the government had not obtained defense counsel's position prior to filing its ex parte when it granted the government's ex parte application.  Defendant's motion for reconsideration should be denied.